In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00059-CR
_____

TORYE DORSEY, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-32697**

---

**MEMORANDUM OPINION**

In July 2019, a grand jury indicted Appellant Torye Dorsey ("Appellant" or "Dorsey") for possession of a firearm by a felon, a third-degree felony. *See* Tex. Penal Code Ann. § 46.04(a), (e). Dorsey pleaded "no contest" and waived his right to a jury trial. In November 2019, the trial court deferred adjudication of guilt and placed Dorsey on community supervision for ten years.

In 2021, the State filed a motion to revoke and alleged that Dorsey had violated three terms of his deferred community supervision. At a hearing on the

1

motion to revoke, Dorsey pleaded "true" to the allegations, and the trial court reset sentencing until the trial court could obtain an updated report on Dorsey's probation. At a later hearing and based on Dorsey's disciplinary reports from jail, the trial court rejected the plea agreement which would have capped Dorsey's punishment at three years. The trial court explained that Dorsey would have the opportunity to withdraw his earlier pleas of "true," and reset the hearing for sentencing. At the sentencing hearing, Dorsey confirmed he did not want to withdraw his earlier pleas of "true" and he wanted to proceed with sentencing. The trial court found that Dorsey entered his pleas of "true" freely and voluntarily, found the evidence sufficient to find Dorsey guilty of the offense of third-degree felony possession of a firearm by a felon, revoked Dorsey's community supervision, and sentenced Dorsey to five years in prison. Dorsey appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Dorsey to file a pro se brief, and we received no response from Dorsey.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson*

2

*v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 17, 2022
Opinion Delivered October 26, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[1] Dorsey may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.